People v Rojas (2025 NY Slip Op 50765(U))

[*1]

People v Rojas (Jeraldhy)

2025 NY Slip Op 50765(U)

Decided on May 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570661/19

The People of the State of New York, Respondent,
against
Jeraldhy Rojas, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Robert G. Seewald, J.H.O.), rendered October 2, 2019, convicting him, upon his plea of guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Robert G. Seewald, J.H.O.), rendered October 2, 2019, affirmed. Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant operated a motor vehicle while in an intoxicated condition (see Vehicle and Traffic Law § 1192 [3]). The arresting officer alleged that defendant operated a 2002 Ford motor vehicle with a suspended driver's license; he had bloodshot and watery eyes, slurred speech, the strong odor of alcohol on his breath, was unsteady on his feet; he admitted to drinking "five shots" and taking Xanax; and the results of a chemical breath test indicated a blood alcohol level of .46% (see People v Hohmeyer, 70 NY2d 41, 43-44 [1987]; People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]). There was no requirement that the accusatory instrument also contain an allegation of erratic driving (see People v Fiumara, 116 AD3d at 421).
While Vehicle and Traffic Law § 1195 (2) (c) provides that "[e]vidence that there was .07 of one per centum or more but less than .08 of one per centum by weight of alcohol in such person's blood shall be prima facie evidence that such person was not in an intoxicated condition," the section establishes a rebuttable, not a mandatory presumption (see People v Blair, 98 NY2d 722, 723 [2002]). Inasmuch as the information herein otherwise contained ample factual allegations that were "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) bearing on defendant's prearrest appearance and deportment, all suggestive of intoxication, "[t]he People were ... entitled to an opportunity to rebut the section 1195 (2) (c) presumption at trial," particularly when the chemical breath test administered at the scene indicated an insufficient sample (People v Blair 98 NY2d at 724; People v Santos, 43 Misc 3d 136[A], 2014 NY Slip Op 50672[U] [App Term, 1st Dept 2014], 23 NY3d 1042 [2014]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument rather than vacatur of the plea and remand on the remaining charges, and he expressly requests [*2]this Court to affirm the conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by a remand, dismissal is not warranted and we affirm on this basis as well (see People v Conceicao, 26 NY3d 375, 385 n [2015]; see e.g., People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: May 15, 2025